# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0060V

|  |  |
|---|---|
| AMANDA CONNOR,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 28, 2026 |

*Christopher J. Webb, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 17, 2024, Amanda Connor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a Tdap vaccination she received on October 20, 2022. Petition,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 1. On September 24, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $49,211.44 (representing $45,841.90 in fees and $3,369.54 in costs). Petitioner's Application for Fees and Expenses ("Motion") filed February 4, 2026, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 39-3 at 1.

Respondent reacted to the motion on February 23, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondents' response to motion at ECF No. 40. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with the Petitioner's request and find a reduction in the amount costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's fees request. The rates requested for work performed through 2026 are reasonable and consistent with our prior determinations and are hereby awarded herein. And all time billed to the matter was reasonably incurred.

## ATTORNEY COSTS

Petitioner's counsel has requested a total of $3,323.05 in litigation costs and has provided supporting documentation to substantiate most of the costs. No. 39-2 at 18-53. Such costs are associated with obtaining medical records, postage and copying costs, and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Petitioner's attorney.

Like attorney's fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that Petitioner's attorney traveled from Memphis, Tennessee, to Fort Lauderdale, Florida, on February 7, 2026, for an in-person meeting with Petitioner.  Mr. Webb stayed for two nights at the Four Seasons, a luxury hotel. ECF No. 39-2 at 32. Petitioner requests reimbursement of $1,568.25 for the two-night stay, including meals charged to the room. It appears the nightly room charge at the Four Seasons was $499.00, not including sales tax, tourist tax, and resort fees and taxes. This amount exceeds the federal government's daily lodging rates for a hotel stay in Fort Lauderdale, Florida which was most recently $224.00 per night in February 2026.[3]

In addition, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in February 2026 was $86.00, which includes breakfast, lunch, dinner, and incidental expenses. The hotel receipt submitted hereto reflects that Mr. Webb spent

---

[3] See GSA FY 2025-2026 Per Diem Rates for Fort Lauderdale, Florida at https://www.gsa.gov/travel/plan-book/per-diem-rates.

$219.99 for meals on February 8, 2026, at the hotel. This amount exceeds the M&IE amount listed above. In addition, the meals have no corresponding itemized receipts, other than the charges appearing on the hotel invoice. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, meal expenses in excess of what would be reasonable, and luxury hotels are not. Accordingly, I find the amount claimed for the luxury hotel stay and meals, without itemized receipts, to be excessive and hereby apply a reduction of *fifty* **percent** to the hotel bill as a fair adjustment to account for these issues. **Application of the foregoing reduces the total amount of costs to be awarded by $784.12.**[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $48,427.32 (representing $45,841.90 in fees and $2,585.42 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] $1,568.25 x .50 = $784.12.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.